# Richmond

ALICE MARIE R. YOUNG v. TOWN OF VIENNA, VIRGINIA.

January 15, 1962.

Record No. 5351.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

Case submitted on briefs.

*Stanley D. Perry*, for the appellant.

*Marcus L. Beckner, Jr.* and *Clarke, Richard, Moncure & White-head*, for the appellee.

I'ANSON, J., delivered the opinion of the court.

The appellant, Alice Marie R. Young, filed her petition for a declaratory judgment in the court below praying that the business privilege license tax ordinance of the town of Vienna, Virginia (appellee), under which she was required to pay a tax for engaging in the business of renting commercial property, be declared inapplicable to her; that the ordinance be held void; and that the license tax exacted of her be returned. From a decree denying the prayers of the petition and holding the ordinance valid, we granted an appeal.

The appellant's principal assignment of error is that she was not engaged "in the business of renting * * * commercial property" within the meaning of the ordinance. In addition she contends that the ordinance is vague, discriminatory, denies due process of law under the Fourteenth Amendment to the Constitution of the United States and § 11 of the Constitution of Virginia, and that it imposes a tax on income and not on the privilege of doing business.

The cause was submitted to the court below on an agreed statement of facts and so much of it as is pertinent follows:

In April 1959 the appellant leased to the Sun Oil Company a parcel of land zoned for commercial use in the town of Vienna, for a term of twenty-five years, at a monthly rental of $125. Subsequently the oil company erected a service station on the property, at its sole expense, and it was given the option at the expiration of the lease to dispose of the service station building as it might see fit.

The appellant is a housewife and she leases no other property in the town of Vienna. She takes no part in the operation of the service station business and receives no profits therefrom.

The ordinance in question reads in part as follows:

"Every person who, as principal, shall engage in the business of renting houses, apartments or commercial property in the Town shall pay for the privilege of doing business an annual license tax of *fifteen* cents on each one hundred dollars of gross receipts from the rental of all commercial establishments, apartment units or dwelling units during the preceding fiscal or calendar year. Persons engaged in the business of renting houses or apartments, or both, shall not be affected by, or come within the provisions of this section unless such person is engaged in the business of renting in excess of two separate dwelling units. The minimum annual license tax shall be *ten* dollars.

"The business of renting houses and apartments as used in this section shall be construed to mean the rental of a building or portion

thereof designed exclusively for residential occupancy, including one-family, two-family and multiple family dwellings, but not including hotels, boardinghouses and rooming houses.

"The words 'dwelling unit' are defined to mean one or more rooms in a dwelling house or apartment designed for occupancy by one family for living purposes and having cooking facilities."

The appellant contends that her one act of leasing her land to the oil company is not engaging in the business of renting commercial property within the meaning of the language used in the ordinance.

On the other hand, the appellee says that the appellant is engaged in the business of renting commercial property because she will engage in three hundred separate acts of business over the period of the lease in collecting the monthly rental.

The term "engage in the business," as expressed in statutes and ordinances, has a well defined meaning in law. It means a course of dealing which requires the time, attention and labor of the person so engaged for the purpose of earning a livelihood or profit. *Jones* v. *State*, 25 Ala. App. 410, 149 So. 855, 857; *Marble* v. *Clein*, 55 Wash.2d 315, 347 P. 2d 830, 833; 53 C. J. S., Licenses, § 27, p. 556. It implies a continuous and regular course of dealing, rather than an irregular or isolated transaction, in the absence of a statute specifically providing otherwise. *Walton* v. *Commonwealth*, 187 Va. 275, 282, 46 S. E. 2d 373, 377; *Vaughan* v. *State Board of Embalmers*, 196 Va. 141, 144, 145, 82 S. E. 2d 618, 621; 53 C. J. S., Licenses, § 27, p. 556, and 1961 cumulative pocket part; 33 Am. Jur., Licenses, § 4, p. 329. See also *Board of Supervisors* v. *Boaz*, 176 Va. 126, 130, 10 S. E. 2d 498, 499.

In *Walton* v. *Commonwealth, supra,* the defendant, a licensed funeral director, undertaker and embalmer in Tennessee, but not in Virginia, conducted a funeral in Virginia after embalming the body in Tennessee and he was charged with practicing his profession and conducting his business without a license, in violation of the statute. This Court held, 187 Va. at pp. 281, 282, 46 S. E. 2d at p. 376, that one act of conducting a funeral does not constitute engaging in or carrying on the funeral directing business in violation of the statute, since there was no specific provision in the statute making it a violation to engage in a single or isolated act. See also *Vaughan* v. *State Board of Embalmers, supra,* 196 Va. at pp. 144, 145, 82 S. E. 2d at p. 621.

Statutes and ordinances imposing a license or other tax for revenue must be strictly construed so as to resolve doubt in favor of the taxpayer and their meaning cannot be extended by implication.

*Commonwealth* v. *Virginia Electric & Power Co.,* 159 Va. 655, 666, 167 S. E. 440, 443; *Williams* v. *City of Richmond,* 177 Va. 477, 484, 485, 14 S. E. 2d 287, 289, 134 A. L. R. 833, 836.

The Vienna town ordinance requires that every person who shall "engage in the business of renting * * * commercial property in the Town shall pay for the privilege of doing business an annual license tax * * *." In giving the language "engage in the business" its usual and commonly accepted meaning when used in statutes and ordinances, it is clear that the one act of the appellant in leasing her land does not bring her within the terms of the ordinance requiring the payment of an annual license tax based on gross receipts. There is no provision in the ordinance declaring that the performance of a single act shall constitute engaging in business. Her one isolated act of renting a parcel of land zoned for commercial use does not indicate that she was engaged in a continuous and regular course of renting commercial property for a livelihood or profit.

■ The appellee's argument that the collection of monthly rents under the lease constituted more than one act of engaging in business is without merit. The ordinance is directed to acts of renting commercial property. The appellant performed only one act of renting one parcel of land. The monthly rental collections fixed by the lease flow from a single act of renting or leasing.

■ It cannot be said that other language of the ordinance requiring only persons renting more than two separate dwelling units to pay the license tax implies that the one act of renting property zoned for commercial purposes comes within the meaning of the ordinance. A revenue ordinance is strictly construed and its meaning cannot be extended by implication. If the town council had intended that one act of renting commercial property would constitute engaging in business it could have specifically so stated in the ordinance. In the absence of such language, it cannot be extended by us to mean that the appellant's one act of renting her land requires her to pay a license tax.

Having reached the conclusion that the appellant was not engaged in the business of renting commercial property within the meaning of the ordinance and is entitled to the return of the amount of the tax paid, with the penalty thereon, it is not necessary for us to discuss the other assignments of error.

Accordingly, the decree is

*Reversed.*