## Richmond

MINNIE KRAUSS v. CITY OF NORFOLK.

DALTON-BUNDY LUMBER COMPANY, INC. v. CITY OF NORFOLK.

June 11, 1973.

Record Nos. 8106 and 8107.

Present, Snead, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Thomas R. McNamara*, for appellant in Record Nos. 8106 and 8107.

*Gordon B. Tayloe, Jr., Assistant City Attorney for the City of Norfolk (Leonard H. Davis, City Attorney for the City of Norfolk,* on brief), for appellee in Record Nos. 8106 and 8107.

HARMAN, J., delivered the opinion of the court.

Minnie Krauss and Dalton-Bundy Lumber Company, Inc., (plaintiffs) each filed a petition for declaratory judgment in the Circuit Court of the City of Norfolk challenging the validity of an amendment to the license tax ordinance of the City of Norfolk (the city). The circuit court found the amendment to be valid. We granted appeals to plaintiffs.

While plaintiffs have presented several issues, we find one question to be controlling. Does the city have the power to extend the definition of "engaged in business" beyond its common law definition?

On May 25, 1971, the city adopted an amendment in two parts to its license tax ordinance imposing, first, a license tax on "Every person, who, as principal, is engaged in the business of renting houses, apartments or other types of dwelling units . . . ."

The amendment further provides:

"[A] person who rents four or more houses, apartments or other types of dwelling units, or combinations thereof, shall be deemed to be engaged in the business of renting houses, apartments or other types of dwelling units."

The second part of the amendment contains a provision levying a license tax on persons engaged in the business of renting commercial property. In this connection the amendment provides:

"[A] person who rents one or more parcels of land or one or more buildings or one or more portions of or spaces in a building or one or more combinations of the foregoing, used or to be used for . . . commercial . . . purposes, shall be deemed to be engaged in the business of renting property used for . . . commercial . . . purposes."

The circuit court found the following facts. Minnie Krauss, a retired civil servant, owns three duplex homes or six dwelling units which she purchased over the years to supplement her income upon retirement. Mrs. Krauss occupies one unit and rents the other five units through independent real estate agents. She provides no services, maintenance, or utilities for the rental units; and her agents, who manage the properties to the extent necessary, are paid by commissions on the rents collected.

Dalton-Bundy Lumber Company, Inc., operates a wholesale brokerage selling pine lumber. Dalton-Bundy has never owned any real

estate except that which it occupies. It currently leases an unused portion of its premises for commercial purposes. This constitutes the only act of leasing in which Dalton-Bundy has engaged.

The circuit court held that while plaintiffs had never engaged in the real estate business, they were engaged in the business of renting residential or commercial property within the meaning of the license tax ordinance. The court further held that the city had the power to define "engaged in business" as it did. We disagree.

█ The city derives its power to impose a license tax from Code § 58-266.1, which is both a grant of power and a limitation of authority, and its charter. Acts of Assembly, 1918, ch. 34, § 2 (1), p. 33. We are dealing here with a license tax imposed pursuant to the city's revenue-raising power as opposed to its police power. The charter gives the city a general taxing power, while Code § 58-266.1 is more specific. That section provides, in part:

"The council of any city . . . may levy . . . license taxes on businesses, trades, professions, occupations and callings . . . ."

Thus the city has been delegated the power to levy license taxes on those "engaged in business." The term "engaged in business" is well defined in common law.

"It means a course of dealing which requires the time, attention and labor of the person so engaged for the purpose of earning a livelihood or profit. *** It implies a continuous and regular course of dealing, rather than an irregular or isolated transaction, in the absence of a statute specifically providing otherwise. (Citations omitted)" *Young* v. *Town of Vienna*, 203 Va. 265, 267, 123 S.E.2d 388, 390 (1962).

The city has, by its ordinance, extended the definition of "engaged in business" so as to contravene the general law of the state, i.e. the common law. This is not permitted. *e.g. Muscoe* v. *Commonwealth*, 86 Va. 443, 10 S.E. 534 (1890); *see City of Lynchburg* v. *Dominion Theatres*, 175 Va. 35, 42, 7 S.E.2d 157, 160 (1940).

█ Only the General Assembly has the power to alter the common law under Code § 1-10, which provides:

"The common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this State,

shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly."

Thus, pursuant to its grant of power under Code § 58-266.1, the city is without the power to enlarge the common law definition of "engaged in business."

The city also relies on its general taxing power under its charter for the power to define the phrase at issue. It has cited *Young v. Town of Vienna, supra,* and *Fallon Florist, Inc.* v. *City of Roanoke,* 190 Va. 564, 58 S.E.2d 316 (1950), among other cases. This reliance is misplaced. *Young,* in dealing with the levying of a license tax on one act of renting, simply noted there was no ordinance declaring one act of renting to be a business. This was no more than saying the issue was not before the court, as it is here. In *Fallon Florist,* we sustained an ordinance in which the City of Roanoke had defined "floral design" in a license tax ordinance. It is highly significant that the definition adopted by the city there came within the confines of the common law definition of "engaged in business."

As to its charter provision, the city has the power to annually raise revenue by taxes and assessments in such manner as it deems expedient, in accordance with the Constitution and laws of this state and the United States. While it is true that when the legislature delegates the power of taxation to a municipality, the municipality stands clothed with all the power of taxation which exists in the legislature, it is also true the legislature may impose such limitations as it sees fit. *City of Norfolk* v. *Griffith-Powell Co.,* 102 Va. 115, 45 S.E. 889 (1903). The General Assembly, in the city's charter, has provided that taxes levied must be in accordance with the laws of this state. This provision, coupled with Code § 1-10, prohibits the city from changing the common law definition of "engaged in business" under its general taxing power.

Therefore, neither the city's charter nor Code § 58-266.1 delegates to the city the power to extend "engaged in business" beyond its common law definition.

Since the city does not contend that the definitions set forth in the amendment are severable from the remainder thereof, we have no choice but to declare the entire amendment invalid.

*Reversed and final decree.*