Daniel ROGERS et al.

v.

Harold L. MILLER, Mayor, Falls Church, Virginia, et al.

Civ. A. No. 75-0067-A.

United States District Court,
E. D. Virginia,
Alexandria Division.

Oct. 10, 1975.

Robert T. Hall, Hall, Surovell, Jackson & Colten, Fairfax, Va., for plaintiffs.

Paul Terrence O'Grady, City Atty., Falls Church, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs bring this action to enjoin the officers, agents and employees of the City of Falls Church, Virginia from enforcing certain ordinances of the City of Falls Church that allegedly violate the plaintiffs' rights, privileges and immunities under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. The plaintiffs are certain masseuses, masseurs, and owners and operators of massage parlors doing business in the City of Falls Church, Virginia. The defendants are the Mayor, Councilmen, Chief of Police, City Attorney, and City Manager of the City of Falls Church, Virginia. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331, 1343(3), 2201 and 2202.

It is alleged, first, that City Ordinance No. 675 imposes an annual license tax on massage parlors that is discriminatory, arbitrary and capricious in violation of the plaintiffs' rights under the Fourteenth Amendment to the United States Constitution. Ordinance No. 675 amends Chapter 18 of the Falls Church City Code by adding Section 18–51, effective January 1, 1975:

> Every person conducting or engaging in the business of "Health Club" as as defined by Chapter 19 herein shall pay an annual license tax of Five Thousand Dollars ($5,000.00) not transferable to another person or subject to pro-ration for part of the license year.

Chapter 19 of the Falls Church City Code defines "Health Club" in Section 19–1:

> *Health Club.* Any establishment which offers in the form of massage, baths, exercises or similar services, in combination to club members, or to the public for a charge.

The term "health club" does not include: (1) Hospitals, nursing homes, medical clinics or the offices or quarters of a physician, a surgeon or an osteopath; or (2) exercise clubs exclusively for members or clientele of one sex alone where the services, without massage in any form, are performed by persons of the same sex as the members of the clientele; or (3) barbershops and beauty parlors. City Ordinance No. 510.

Plaintiffs argue that the license tax of Ordinance No. 675 violates the Due Process Clause in that it is an unreasonable and arbitrary impairment of the plaintiffs' constitutional right to conduct a legitimate business, and violates the Equal Protection Clause in that it unreasonably discriminates against massage parlors. The plaintiffs do not contend that the City of Falls Church is prohibited by law from imposing an annual license tax on massage parlors; they argue only that the tax as imposed by Chapter 18 of the Falls Church City Code on massage parlors is excessive and discriminatory. *See* Va.Code § 58–266.1 (1975 Supp.); *Krauss v. City of Norfolk,* 214 Va. 93, 197 S.E.2d 205, 206 (1973).

■ Plaintiffs contend that the tax is unreasonable because (1) its size bears no reasonable relationship to the purpose to be served by the tax—it is far in excess of the tax necessary to cover the cost of regulating massage parlors; and because (2) it is intended to, and in fact does, operate to make the massage parlor business in Falls Church prohibitively unprofitable. The evidence presented at trial indicates that the tax is intended in part to cover the expenses incurred by the City of Falls Church in regulating and policing the health clubs; estimates of the cost to the City of regulating one health club range from $2,000 to $2,500 per year. The remaining monies collected from the license tax supply revenue for the City's general fund. It is not a violation of the Due Process Clause, however, if a City with the authority to assess either a regulatory or revenue-producing license tax chooses to do both with a single assessment. *See Bradley v. City of Richmond,* 227 U.S. 477, 480, 33 S.Ct. 318, 57 L.Ed. 603 (1912). Since it is not argued by the plaintiffs that the City of Falls Church is without the authority to enact licensing legislation for revenue, the fact that the massage parlor tax is in excess of the costs of regulation attributable to massage parlors does not constitute a violation of the Due Process Clause.

Furthermore, the plaintiffs' claim that the tax is intended to make the massage parlor business unprofitable is not enough, without more, to support a finding of the tax's constitutional invalidity. *City of Pittsburg v. Alco Parking Corp.,* 417 U.S. 369, 373, 94 S.Ct. 2291, 41 L.Ed. 2d 132 (1974); *Magnano Co. v. Hamilton,* 292 U.S. 40, 47, 54 S.Ct. 599, 78 L.Ed. 1109 (1934).

■ The plaintiffs also argue that the tax is improperly applied only to select purveyors of massage services, those defined as "health clubs" under Chapter 19 of the Falls Church City Code. It is asserted that beauty parlors and barber shops, doctors, osteopaths, nursing homes and hospitals perform massage services, and yet are not subjected to the $5,000 annual licensing tax. They are charged only $.29 per $100 of gross receipts for the privilege. Code of City of Falls Church, §§ 18–32, 18–34. However, the Supreme Court has consistently held that within the constraints of the Fourteenth Amendment, state governing units have large latitude in making classifications which in their judgment produce reasonable systems of taxation. *Kahn v. Shevin,* 416 U.S. 351, 355, 94 S.Ct. 1734 40 L.Ed.2d 189 (1974). A municipal tax is not arbitrary when it discriminates in favor of a certain class if the discrimination is based upon a reasonable distinction in municipal policy. *Cf. Allied Stores v. Bowers,* 358 U.S. 522, 528, 79 S.Ct. 437, 3 L.Ed.2d 480 (1958). The massage parlor business is distinguishable from the barber shop or the beauty shop business and the medical care business on the basis of function, ease of regulation and public necessity. Massage parlors have proven to be difficult to regulate, and must be considered more of a public luxury than either the hair grooming or health businesses. Therefore, a higher tax on massage parlors can be justified as based on reasonable policy distinctions.

■■ The plaintiffs also attack City Ordinance No. 697, amending Chapter 19 of the Falls Church City Code, effective

July 14, 1975, as an unreasonable exercise of the City's licensing power. The Ordinance requires that masseurs and masseuses complete "a course or courses of study in body massage in an approved school of instruction or training." A course of study is defined as "one thousand (1,000) hours of study in connection with an approved school. (1) Five hundred hours of which shall be accredited instructional hours . . . . (2) The additional five hundred may be accomplished simultaneously with the academic, clinical or classroom or laboratory training by virtue of what is commonly known as 'on the job training' . . ." Approved schools include "(a)ny school recognized by or approved by or affiliated with the American Massage and Therapy Association, Inc. . . ." "Compliance with this Section shall first be determined by the Chief of Police with the . . rights of appeal and hearing to the City Manager . . . ." It has long been held that a state or municipality may, in the exercise of its police powers, set up standards to be satisfied by persons who seek to engage in activities that affect the public health, safety, or welfare. *See Smith v. Alabama*, 124 U.S. 465, 482, 8 S.Ct. 564, 31 L.Ed. 508 (1887). The City Council of Falls Church having found that "the unregulated practice of massage therapy can harm or endanger health, safety and welfare of the public" was within its authority in requiring masseurs and masseuses to complete specified courses of instructional training.[1]

■ The plaintiffs argue that the Ordinance should be held invalid as unconstitutionally vague. If the Ordinance leaves unfettered discretionary power in a Falls Church official in determining compliance or non-compliance with its requirements, the plaintiffs' position is well

taken. *See Cramp. v. Board of Public Instruction*, 368 U.S. 278, 287, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961). However, since this Court construes the Ordinance to allow "approved schools" to define and certify whether a pupil has completed "an accredited instructional hour," and since the definition of "approved school" refers to standards established by entities independent of the governing body of Falls Church—the American Massage and Therapy Association, Inc. and state educational licensing authorities—the Ordinance, as construed, does not give Falls Church officials unbridled discretion in deciding whether to issue licenses in particular cases. Should it appear in practice, however, that the officials of Falls Church are acting arbitrarily in the enforcement of the Ordinance, it is likely that the parties aggrieved by the arbitrary action will have a cause of action of constitutional significance.

An appropriate order will issue.

---

1. The 1,000 hours of training required does not appear to be unreasonable. Other trade licensing provisions have similar requirements. See Virginia Pref.Occ.Reg. § 11–5 (1974) (requires barbers to complete 1248 accredited hours of training). Also, evidence adduced at trial indicates that the various trade schools do not consider one actual hour of classroom participation equal to one "accredited instructional hour." One massage school accredited by the American Massage and Therapy Association, for example, considers one hour of class to be equal to five accredited instructional hours.