## CIRCUIT COURT OF HENRICO COUNTY

Richmond Motor Co., Inc.

v.

Henrico County

August 4, 1976

Case No. 75L93

## By JUDGE E. BALLARD BAKER

The issue is whether Richmond Motor Co., Inc., is "engaged in . . . the business . . . of . . . furnishing business management service" under Ordinance No. 379. Its liability as a seller of new and used motor vehicles is in no way involved.

Briefly, Richmond Motor Co. wholly owns three separate corporations. It owns a printing press and leases a computer and makes each of these things available to each of the subsidiary corporations. The officers of Richmond Motor Co. also serve as officers, though not in the same capacity, in the other three corporations. Each year, Richmond Motor Co. allocates to each of the subsidiary corporations a charge which it deems to equal the value of the use by each corporation of the printing press and the computer; and it also charges to each subsidiary an amount for each officer of Richmond Motor Co. for time devoted to the work of the subsidiaries. The subsidiary also pays its officers.

The bookkeeping is handled through an account in the Richmond Motor Co. ledger called "Management service fee." Richmond Motor Co. makes no profit on the charges

or allocation of expenses, seeking to have each corporation charged with the exact cost attributable to its use of the press, the computer or the officer.

Richmond Motor Co. says that these allocations of expense to the subsidiaries are required under § 482 of the 1954 Federal Revenue Code.

While the law may be different in other jurisdictions, 51 Am. Jur. 2d, *Licenses*, § 4, note 18, in the license tax case of *Krauss* v. *City of Norfolk*, 214 Va. 93 (1973), the Supreme Court restated its statement in *Young* v. *Town of Vienna*, 203 Va. 265 (1962), that the term "engaged in business":

> means a course of dealing which requires the time, attention and labor of the person so engaged *for the purpose of earning a livelihood or profit*. (214 Va. 95; underscoring added.)

While the reference to "profit" was not essential to the decision in either of those cases, the force of the statement is not materially weakened by that fact.

As also stated in *Young*, supra:

> Statutes and ordinances imposing a license or other tax for revenue must be strictly construed so as to resolve doubt in favor of the taxpayer and their meaning cannot be extended by implication. (203 Va. 267)

There is no doubt that Richmond Motor Co. gets some benefit from the manner in which this is handled. However, there is no element of profit in it; the allocation principle it follows has been in use since 1959 and is approved by the Internal Revenue Service. It does not appear that the County ever taxed the business of "furnishing business management service" prior to 1971, so it cannot be said this profit-free allocation is designed to avoid the ordinance.

The County cites *Shelburne* v. *City*, 220 A.2d 798, a license tax case, and *Bonnar-Vawtes* v. *Johnson*, 173 A.2d 141, a sales tax case. In each case, the activity produced no profit, but was still held taxable.

Richmond Motor Co. cites *McKean v. City*, 180 A.2d 46, and *Heing v. School District*, 87 A.2d 85, both license tax cases, both of which were cited and distinguished in *Shelburne*. These cases held no tax liability was involved. The comment in *Shelburne* on these cases was as follows:

> In both of these decisions the activity sought to be taxed was found to be a service in the nature of a non-profit accommodation rather than a part of the taxpayer's normal business activity and, as such, non-taxable.

Without agreeing fully with that comment, it does not appear that Richmond Motor Co. is engaged in the business of furnishing business management service. The arrangement is a long-standing one, in accord with Federal tax law, in the nature of a bookkeeping device to properly allocate expenses rather than the conduct of a business seeking a profit. To subject this to a license tax extends the ordinance by implication.

Counsel are requested to submit an order granting the relief requested by Richmond Motor Co.