**Richmond.**

SUPERVISORS OF MONTGOMERY COUNTY V. TALLANT.

FEBRUARY 8, 1899.

1. TAXATION—*Merchants—Capital.*—The capital actually employed by a merchant in his business is exempt from taxation for State purposes (Acts 1889–90, p. 197, secs. 27 and 28), and hence cannot be taxed for county purposes.
2. CONSTRUCTION OF STATUTES—*Taxation.*—Statutes which levy duties or taxes upon citizens are to be construed most strongly against the government and in favor of the citizen, and their provisions will not be extended, by implication, beyond the clear import of the language used.
3. TAXATION—*Assessments—Absence of Legislation.*—Property can be taxed only in the mode prescribed by law, and it is the duty of the Legislature to pass the necessary laws to carry into effect the constitutional provision relating to taxation, but, in the absence of any legislative enactment on the subject, property cannot be taxed at all.

Appeal from a decree of the Circuit Court of Montgomery county pronounced at its May term, 1898, in a suit in chancery wherein the appellee was the complainant, and the appellants were the defendants.

*Affirmed.*

The appellee filed his bill in the Circuit Court of Montgomery county to enjoin the Board of Supervisors and the Treasurer of Montgomery county from collecting a tax which had been assessed by the Board on the capital employed by the appellee in his business, as a merchant. The appellants demurred to and answered the bill. At the hearing, the injunction granted when the bill was filed was perpetuated.

*J. C. Wysor* and *T. L. Massie,* for the appellants.

*Phlegar & Johnson,* for the appellee.

Harrison, J., delivered the opinion of the court.

The question presented by this record is as to the power of the Board of Supervisors of Montgomery county to assess for taxation for county, school, and district purposes, the capital employed by a merchant in his mercantile business.

It is conceded that, for county purposes, the Supervisors can only levy taxes upon such property as is assessed with State taxes within the county; that they cannot look beyond the subjects of taxation provided by the Legislature, as it is the province of that body alone to provide when, how, and for what purposes a tax shall be laid, and to provide the subjects of taxation.

The real question, then, to be determined is does the State assess with taxes the capital employed by a merchant in his business. The act providing for the assessment of taxes—Acts 1889–90, p. 197, sec. 27—says: *"Every merchant shall pay a license tax for the privilege of transacting business in this State, to be graduated by the amount of purchases made by him during the period for which his license is granted."* Section 28 says: *"For every license to a merchant or mercantile firm the amount to be paid shall be graduated as follows:"* * * and then provides that *"the sum imposed under and by virtue of this section shall be in lieu of all taxes, for State purposes, on the capital actually employed by said merchant or mercantile firm in said business;"* and further provides that *"the sums required by this section to be paid, when the license is taken out, shall be collected in the same manner that the amounts required to be paid for other licenses are collected."*

It seems perfectly clear from the language quoted that the Legislature has not only failed to declare that the capital employed by merchants in their business shall be assessed for taxation, but has expressly said that it shall not be so assessed, by declaring that the license required " shall be in lieu of all taxes for State purposes, on the capital actually employed by said

merchant or mercantile firm in said business." And to further make plain the legislative intent the same section provides what the word capital shall include, and says: "*All other property held by such merchant or firm shall be listed and taxed as other property,*" again excluding the idea that the capital employed by a merchant should be assessed for taxation.

Prior to 1874 the capital employed by merchants in their business was assessed for taxation, but in that year an act was passed containing the same provisions found in the present act, providing for a license instead of an assessment of the capital for taxation. This act was assailed by the merchants as uncon- stitutional, and the question was brought to this court, where the law was sustained upon the ground that it was a license tax upon the business of the merchant, and that the Legislature had the power to determine whether the business of the mer- chant could be reached by the *ad valorem* system or not, and to adopt the policy of requiring a license in its stead. *Common- wealth* v. *Moore*, 25 Gratt. 959. This being so, the language "*the sums imposed under and by virtue of this section shall be in lieu of all taxes for State purposes on the capital actually employed,*" etc., clearly relieves the capital so employed from the burden of any tax for State purposes; and having expressly withheld said capital from taxation for State purposes, it cannot be assessed by the Board of Supervisors, and made liable to levy for county purposes. Code, sec. 833, clause 2.

The appellant insists that under sec. 8, clause 4 of the act, it was the duty of the commissioner to assess the capital of appellee, employed in his mercantile business, for taxation. That clause provides as follows: "*He* (the commissioner) *shall ascertain from each person in his district, city, or town, the amount of capital invested, used, or employed in any trade or business not otherwise taxed.*"

This clause standing by itself would be subject to the con- struction contended for, but when it is read in connection with the other provisions of the law already quoted, it was clearly

not the duty of the commissioner to assess the capital of the appellee for taxation, certainly not for State purposes, and consequently not for county purposes.   If there were doubt as to the correctness of this conclusion the result would be the same, for it is well settled that statutes levying duties or taxes upon citizens are to be construed most strongly against the government, and in favor of the citizen, and these provisions are not to be extended, by implication, beyond the clear import of the language used.   Revenue laws are neither remedial statutes nor laws founded upon any permanent public policy, and are not therefore to be liberally construed.   Hence whenever there is a just doubt, that doubt should absolve the tax payer from his burden.   *Planer Co.* v. *Flournoy,* 88 Va. 1029, and authorities there cited.

Appellant invokes Article 10, sec. 1, of the State Constitution, which declares that taxes shall be equal and uniform, and that all property, both real and personal, shall be taxed, and insists that the Legislature has no power to exempt the capital in question from taxation or to deprive the county of its right to assess the same.   If this were conceded, it could not help the county of Montgomery, for if all property must be taxed as well by the county as by the State, it can only be done in the mode prescribed by law, and the Constitution makes it the duty of the Legislature to pass such laws as are necessary to carry.its provisions relating to taxation into effect.   *Va. & Tenn. R. Co.* v. *Washington County,* 30 Gratt. 471.

The Legislature has made no provision authorizing counties to assess for taxation the capital employed by merchants in their business; on the contrary, it has expressly refrained from taxing said capital for State purposes, and this determines the right of the county to do so.

Whether or not the present condition of the statute in this matter is the result of design or mere inadvertence is not for the courts to determine.   The policy of the State, in the matter of taxation, subject to the fundamental law, rests with

her representatives.    If wrong is done the counties by allowing the capital employed by merchants in business to escape taxation, the remedy is with the Legislature, and not in the courts.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*

*Riely* and *Buchanan,* JJ., dissent.