# Richmond

W. M. Bott, et als. v. Commonwealth of Virginia.

June 14, 1948.

Record No. 3319.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*Edward S. Ferebee,* for the plaintiffs in error.

*Walter E. Rogers, Assistant Attorney General,* for the Commonwealth.

HUDGINS, C. J., delivered the opinion of the court.

The question presented by this record is whether money representing rent collected for the owners by a real estate broker from the occupants of three apartment houses and

in his possession on January 1, is capital used in a "trade or business" and subject to be taxed as such under section 73 of the Tax Code.

The facts are that in 1942, W. M. Bott acquired a one-half undivided interest in three apartment houses located in Norfolk, Virginia, and containing respectively 15, 20, and 24 apartment units. Edward S. Ferebee and Gladys W. Ferebee, his wife, acquired the other one-half undivided interest. W. M. Bott, a licensed real estate broker trading as W. M. Bott and Company, was authorized by the owners to lease the apartments, collect the rents, pay for the fuel, water, and for lights in the halls, the wages of a janitor to look after the buildings, and to distribute the balance of the rents to the owners in proportion to their respective interests in the properties.

Mr. Bott employed Charles H. McCoy, a certified public accountant, to prepare his State and Federal income reports. He adopted Mr. McCoy's suggestion and for the years 1943, 1944, and 1945, filed information reports stating that the owners of the three apartment houses were partners. The pertinent parts of these information reports, under the heading, "CAPITAL TAX RETURN" are as follows:

For the year 1943:

| "Accounts receivable | $ 5,209.58 |
| Bills payable | 95,000.00 |

Excess of bills and accounts re-
   ceivable over bills and accounts payable   None."

For the year 1944:

| "Accounts receivable | $ 4,759.34 |
| Bills payable | 89,000.00 |

Excess of bills and accounts re-
   ceivable over bills and accounts payable   None."

For the year 1945:

| "Accounts receivable | $ 4,949.80 |
| Bills payable | 83,000.00 |

Excess of bills and accounts re-
   ceivable over bills and accounts payable  None."

The Department of Taxation in checking over these returns ascertained that the larger sums for each of the three years listed above as "bills payable" were debts of the individuals secured by a mortgage on the three apartment houses and made for capital outlay. The provisions of section 75 of the Tax Code do not permit such expenditure for capital outlay to be deducted from accounts receivable.

It was also ascertained that the smaller sums listed as "accounts receivable" were the undistributed balance of rents collected and in the possession of the real estate broker on January 1, 1943, 1944, and 1945, respectively. On August 6, 1946, the Department of Taxation assessed a capital tax on these sums for each of the three years against "W. M. Bott and E. S. Ferebee and Mrs. Gladys W. Ferebee." The owners disputed the right of the State to make the assessment and, under section 410 of the Tax Code, filed their petition alleging that the imposition of the tax was erroneous and praying for appropriate relief. The trial court sustained the assessment and entered an order dismissing the petition.

The Attorney-General contends that, inasmuch as the owners stated in their income reports that they were partners in the operation of the apartment houses, they are estopped in this proceeding from proving they were not.

■ This contention is untenable. The uncontradicted evidence establishes the fact that each of three individuals purchased an undivided interest in the three lots with the improvements thereon as an investment. Each was required to file detailed statements of the source from which

any part of his income was received. Both of the Ferebees, acting on the advice that the public accountant had given Mr. Bott, listed in their individual State income reports, under the heading "Income From Partnerships," the net amounts each had received from the rents of the apartments.

The rules to be used in determining whether a partnership exists are stated in the Code, 1942 (Michie), sec. 4359 (7), but the facts in this case do not bring it within the influence of any of these rules. Nor does the mere fact that the parties made a mistake, without an intention to defraud in so describing their business associations, estop them from proving that the true relationship with each other was that of tenants in common and not partners.

However, this conclusion is not decisive of the issues presented. If the owners collectively or through an agent were engaged in a trade or business within the purview of the statute, then all capital used by them in such trade or business, not otherwise taxed or specifically exempt from taxation, was subject to be taxed as such.

█ The Attorney-General concedes that the mere rental of one or more houses does not constitute a business. He contends that the rental of a house, or several rooms in a house, where the lessor, in consideration of the rents received, furnishes light, heat, water, elevator, janitor service, etc. is a business. This definition of a business would require any person who rents to a third party one or more rooms in his home, equipped with modern ·conveniences, to make a return of capital assets, and would require him to pay a capital tax on any account of rent due and uncollected on January 1. The operation of an apartment house or office building where all of the modern conveniences are furnished as a part of the consideration paid for rooms may be included in the use of the word "business" as this is a word of very broad meaning and "embraces everything about which a person can be employed. That which occupies the time, attention and labor of men for the purpose of ·a livelihood or profit." *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas.

1912B, 1312. A similar definition of "business" was quoted in *Jones* v. *Rhea*, 130 Va. 345, 375, 107 S. E. 814.

In *Littlehales* v. *District of Columbia*, 130 F. (2d) 402, it was held that a business privilege tax was properly imposed upon an operator of apartment houses and office buildings in the District of Columbia, who, in consideration of the rent received from rooms, supplied the tenants with light, heat, water, elevator, and janitor service. The imposition of a license tax upon the operator of an office building, the amount of which was based upon the gross receipts received for the rental, was held valid in *State* v. *Heymann*, 178 La. 479, 151 So. 901.

The precise question under consideration is not whether the State may impose a tax upon the operation of an apartment house but whether, in fact, the legislature included this enterprise within the term "business" as used in the statute.

While a large number of new apartment buildings are under construction in every section of the State, the operation of such buildings is not a new enterprise. The three apartment houses mentioned in this case are only a small fraction of the number of apartment houses in Norfolk and vicinity. The Tax Code (secs. 306-309) imposes the duty upon the commissioners of revenue to obtain the necessary information from the taxpayer for the assessment of both local and State taxes. On the information so obtained the commissioners make the assessments which, in due course, are reviewed by the Department of Taxation. Tax Code, section 305, directs the State Tax Commissioner to instruct the commissioners of revenue as to their duties.

W. J. Powell, Jr., supervisor of the Partnership Division in the Department of Taxation, stated that no departmental bulletin had been issued, declaring the operation of an apartment house a business and instructing the commissioners of revenue to obtain the necessary information and assess a capital tax upon any assets used in such operations. The deputy commissioner of revenue for the city of Norfolk, who had held office for more than nine years, stated that

his office had received no instructions from the Department of Taxation declaring that the operation of an apartment house was a business, that his office did not regard such an enterprise as a trade or business, and that no property of such enterprise had been listed in his office during that period upon which a capital tax had been imposed. He further testified that in his opinion the operation of an apartment house was not a trade or business within the purview of the statute, and that no part of the assets of such undertakings were subject to a capital tax.

It seems that it has been the uniform policy of the administrative officers charged with the duty of assessing a capital tax to exclude the operation of an apartment house from the definition of "business" used in the Tax Code, and that it was imposed in this instance merely because the individual owners made a mistake in their income tax reports.

This long-continued policy is sufficient to create a doubt as to whether the legislature intended to include within the meaning of the word "business," as used in the statute, the operation of an apartment house.[1] We said in *Commonwealth* v. *Virginia Elec., etc., Co.*, 159 Va. 655, 666, 167 S. E. 440, that laws imposing a license, or other tax, must be strictly construed, and, whenever there is doubt as to the meaning or scope of such laws, they must be construed more strongly against the government and for the citizen. *Williams* v. *Richmond*, 177 Va. 477, 14 S. E. (2d) 287, 134 A. L. R. 833. Such statutes are not to be construed to include within the subjects taxed anything which is not clearly intended by the legislature to be so included. 51 American Jurisprudence 360.

The statute imposing a tax on capital used in business in one form or another has been in force in this State for more than forty years during which time the legislature has apparently acquiesced in the construction placed thereon by

[1] The only reference to the operators of apartment houses found in the Tax Code is section 309a (1944 Acts, p. 197), requiring every operator of an apartment house containing more than four apartments to file with the commissioners of revenue the names and addresses of every tenant occupying the same on the first day of January of each year.

the administrative officers. This being true, the tax authorities are not justified in making such a radical change in policy without an appropriate act of the General Assembly. It would be unjust to sustain the assessment of this tax when the same class of property owned by others similarly situated is not taxed. In addition, it would violate section 168 of the Constitution which provides: "All taxes . . . . shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax and shall be levied and collected under general laws."

The third assignment of error is stated: "The petitioners at no time possessed any 'capital of any trade or business' which is subject to tax under section 73 of the Tax Code of Virginia."

The tax imposed in this instance was upon the balance of undistributed rent collected from the tenants by the broker and in his possession on January 1, of each of the three years. Are such assets "capital" or income? In *Bridgewater Mfg. Co. v. Funkhouser*, 115 Va. 476, 79 S. E. 1074, it was said: "Ordinarily and in common parlance, the word 'capital' when used in reference to commerce or trade, including manufacturing, signifies the money and other property adventured in the business." Here the property "adventured" was the money expended by each of the owners in the purchase of the three apartment houses. Thereafter the real estate represented the "capital" adventured, and "capital" in that form is specifically exempt from "a tax on capital." Interest, rents, or other receipts on investments, unless reinvested in the business, are income.

The property upon which this capital tax was assessed was not in the possession of the owners. It was in the possession of a licensed real estate broker who, in this case, happened to be one of the owners. Neither Mr. nor Mrs. Ferebee had possession or control of this property. As to them, it was a "demand;" "a claim," "a chose in action," against the broker. When they received possession, they properly treated it as a part of their income for the year in which it was received.

If money representing rents from an apartment house on January 1, in possession of a real estate broker is subject to be taxed as capital, then any amount of rent due and unpaid on that date, whether represented by an open account or a note, would be so taxed, as the fourth paragraph of the Tax Code, section 73, defining capital provides: "All other taxable personal property of any kind whatever, including all choses in action, equities, demands and claims. . . ." The evidence in this record indicates that heretofore no attempt has been made to impose a capital tax upon this class of property.

For the reasons stated, the judgment of the trial court is reversed and the case remanded with direction to enter a proper judgment relieving the plaintiffs of the taxes and assessment complained of.

*Reversed and remanded.*