# Richmond

## CITY OF PORTSMOUTH v. CITIZENS TRUST COMPANY, TRUSTEE, ETC., ET AL.

March 5, 1976.

Record No. 741178.

Present, Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Gordon B. Tayloe, Jr.*, for plaintiff in error.

*J. Stanley Livesay, Jr.* (*Schlitz, Levy & Livesay, Ltd.*, on brief), for defendants in error.

*Howard E. Gordon* (*Robert C. Nusbaum; Hofheimer, Nusbaum & McPhaul*, on brief), for Churchland Square Apartments, *amicus curiae*.

COCHRAN, J., delivered the opinion of the court.

This appeal presents for our determination the question of the validity of two local ordinances levying license taxes on those engaged in the business of renting residential property.

On June 22, 1971, City Council of the City of Portsmouth adopted for the license tax year beginning May 1, 1972, and for subsequent tax years, Ordinance No. 1971-52[1], in which the definition of those required to pay the tax paralleled the overly broad definition invalidated by us in *Krauss* v. *City of Norfolk*, 214 Va. 93, 197 S.E.2d 205 (1973).[2] Subsequently, on July 24, 1973, City Council amended the ordinance by adopting for the tax year beginning May 1, 1973, and for subsequent tax years, Ordinance No. 1973-97[3], which incorporated

---

[1] Ordinance No. 1971-52 provided:
\* \* \*
"Section 87.1. Rental of Residential Property.
"Every person engaged in the business of renting residential property, including houses, apartments and dwelling units shall pay an annual license tax of $50.00 for the first four units and $12.00 for each additional unit in excess of four.
"For the purposes of this section a person shall not be deemed to be engaged in the business of renting residential property in the City unless such person shall rent four or more such residential units. The business of renting houses, apartments or dwelling units as used in this section shall be construed to mean the renting of buildings or portions thereof, each designed for residential occupancy as a single dwelling unit by one famly but not hotels, motels, mobile home parks, lodging houses or boarding houses for which a license is otherwise required by this ordinance."
\* \* \*
[2] In *Krauss* the ordinance provided that a person who rented four or more dwelling units was "deemed to be engaged in the business" of renting such property.
[3] Ordinance No. 1973-97 provided:
\* \* \*
"Section 87.1. Rental of residential property.
"Every person engaged in the business of renting residential property, including houses, apartments and dwelling units, shall pay an annual license tax of $12.00 for each such unit.
"For the purposes of this section, the phrase 'engaged in business' shall mean a course of dealing which requires the time, attention and labor of the person so en-

the common law definition of "engaged in business", set forth in *Krauss, supra,* 214 Va. at 95, 197 S.E.2d at 206-07.

Citizens Trust Company, Trustee, and twelve other taxpayers filed in the trial court, under the provisions of Code § 58-1145, their petitions to correct alleged erroneous license tax assessments. The taxpayers, alleging that both the 1971 and the 1973 ordinances were invalid, sought refunds, with interest, of taxes which they had paid thereunder. The trial court, concluding that *Krauss* was controlling, ruled in favor of the taxpayers. By final orders the court restrained the city and its officials from collecting from these taxpayers any taxes under the ordinances, and directed that refunds be made, with interest and costs, of taxes previously paid by them. Upon the petition of the city, filed pursuant to Rule 5:23, we granted it a writ of error to all but one[4] of the judgment orders, and the matter was briefed and argued before us as a consolidated appeal.

■ The city enjoys the broad license taxing powers granted to local governing bodies by the General Assembly.[5] We recognized in *Krauss* that a city has been delegated the power to levy license taxes on those "engaged in business". *Id.* 214 Va. at 95, 197 S.E.2d at 206. We said in *Bott* v. *Commonwealth,* 187 Va. 745, 48 S.E.2d 235 (1948), that the word "business" has a meaning broad enough to cover everything about which a person can be employed, including operation of an apartment building. *Id.* at 749, 48 S.E.2d at 237. *See also Chesapeake & Potomac Tel. Co.* v. *City of Newport News,* 196 Va. 627, 85 S.E. 2d 345 (1955); and *Fallon Florist* v. *City of Roanoke,* 190 Va. 564, 58 S.E.2d 316 (1950). We held in *Krauss,* however, that the city in that case had no authority, by its charter or by statute, to extend or enlarge the definition of "engaged in business" so as to contravene the common law.

---

gaged for the purpose of earning a livelihood or profit and implies a continuous and regular course of dealing, rather than an irregular or isolated transaction. The business of renting houses, apartments or dwelling units as used in this section shall be construed to mean the renting of buildings or portions thereof, each designed for residential occupancy as a single dwelling unit by one family but not hotels, motels, mobile home parks, lodging houses or boarding houses for which a license is otherwise required by this ordinance."

* * *

[4] Because of procedural deficiencies we refused to grant the city a writ of error to the judgment order entered in the trial court on August 1, 1974, in the proceeding therein styled *Chelsea Corporation* v. *City of Portsmouth* (Law No. L-73-302).

[5] Code § 58-266.1 (Cum. Supp. 1969) provides that the "council of any city . . . may levy . . . license taxes on businesses, trades, professions, occupations and callings and upon the persons, firms, and corporations engaged therein within the city. . . ."

■ We reject the taxpayers' argument that a tax on those who engage in the business of renting residential property is unconstitutionally discriminatory. The equal protection clause of the Fourteenth Amendment does not prevent a state from adjusting its system of taxation in all reasonable and proper ways. *Bell's Gap R'd Co.* v. *Pennsylvania*, 134 U.S. 232, 237 (1889). Recognizing that the states possess broad power to classify according to occupation for purposes of taxation, the Supreme Court has held that equal protection does not compel identity of treatment but "only requires that the classification rest on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary". *Walters* v. *City of St. Louis, Mo.*, 347 U.S. 231, 237 (1954). If the classification is reasonable and not arbitrary, uniformity and equality are not required. *Town of Ashland* v. *Supervisors*, 202 Va. 409, 415, 117 S.E.2d 679, 684 (1961); *Langston* v. *City of Danville*, 189 Va. 603, 608, 54 S.E.2d 101, 104 (1949). It is not necessary that legislative classifications be perfect, and a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. *Sheek* v. *City of Newport News*, 214 Va. 288, 291, 199 S.E.2d 519, 522 (1973).

In order to avoid the pyramiding of taxes, the City Council could reasonably place those engaged in the business of renting residential property in a different category from those expressly excluded. Thus, the ordinances excluded those engaged in the business of renting specified kinds of residential property, such as motels, for the operation of which licenses were otherwise required by the city. For the same reason the City Council could omit from the classification those engaged in the business of renting non-residential property. The classification is presumptively valid and will be upheld unless it is facially unreasonable or its unreasonableness has been established by clear and convincing proof. *Sheek* v. *City of Newport News, supra*, 214 Va. at 288, 199 S.E.2d at 521. Here, the presumption of validity has not been overcome.

■ The taxpayers further contend that this license tax will result in double taxation because real estate agents representing the owners' interests also pay a business license tax. This contention is based on the theory that any tax directly or indirectly affecting property is a tax on that property, a concept which we have repeatedly declined to approve. *See Hunton* v. *Commonwealth*, 166 Va. 229, 244, 183 S.E. 873, 879 (1936).

We conclude that the city could validly impose a license tax on those engaged in the business of renting residential property. It follows that the 1973 ordinance, which conformed to the guidelines enunciated in *Krauss*, is valid.

■ The validity of the 1971 ordinance, however, depends upon a determination whether in the second paragraph the definition of those "engaged in the business", arising implicitly from the exclusionary language, and conceded by the city to be invalid under our holding in *Krauss*, can be satisfactorily severed from the rest of the ordinance. The city contends that the ordinance is severable and that the proscribed definition may be excised without destroying the entire ordinance, because the first paragraph, the operative section describing the class to which this license tax applies, would remain intact, and the phrase "engaged in the business" contained therein would necessarily carry its common law meaning.

The record fails to support the city's contention that there is an applicable severability clause. Without such a provision the burden of proving severability devolves upon the supporter of the legislation. *Hannabass* v. *Maryland Cas. Co.*, 169 Va. 559, 571, 194 S.E. 808, 813 (1938). Nevertheless, even in the absence of a severability clause, "the test of severability is whether the legislature would be satisfied with what remains after the invalid part has been eliminated". *Waynesboro* v. *Keiser*, 213 Va. 229, 235, 191 S.E.2d 196, 200 (1972). The intent of the lawmakers is controlling. *Bd. Sup. James City County* v. *Rowe*, 216 Va. 128, 147, 216 S.E.2d 199, 214 (1975).

There can be no uncertainty as to the legislative intent in the present case. Deletion of the invalid definition in the 1971 ordinance does not alter the effect of the ordinance in fulfilling the purpose expressed in its first sentence of levying the tax on "every person engaged in the business of renting residential property". Moreover, the City Council has since proceeded by amendment to substitute the approved common law definition for the invalidated definition. It has also changed the ordinance to provide that the tax will be levied in a specified amount for each residential unit, rather than in a specified sum for the first four units and in a different amount for each additional unit. We conclude that the 1971 ordinance is severable and that the trial court erred in ruling to the contrary.

The taxpayers have misconstrued the effect of our ruling on rehearing in *Krauss*. We did not resolve the question of severability because this issue was never raised before us except on rehearing, when it was too late. Therefore, we reaffirmed, without opinion, our pre-

vious decision. In the present cases, severability was an issue at every stage of the proceedings.

■ We agree with the taxpayers that the ordinances present difficult administrative and enforcement problems, but these problems raise questions as to the advisability,[6] rather than the validity, of the legislative enactments. An ordinance or a statute is not fatally defective because questions may arise as to its applicability, or opinions may differ as to what falls within its terms, or because it is difficult to enforce. *Fallon Florist* v. *City of Roanoke, supra,* 190 Va. at 590, 58 S.E.2d at 329.

The judgment orders appealed from are reversed and the cases are remanded for further proceedings to determine whether the taxpayers were "engaged in the business of renting residential property" within the meaning of the ordinances and thus were subject to the license taxes in question.

*Reversed and remanded.*

---

[6] By 1974 amendment, Acts 1974 c. 196, a new subdivision (6a) was added to Code § 58-266.1 to prohibit local governments from levying license taxes on those who, as owners, engage in the business of renting certain kinds of residential property. Localities that had such a tax on January 1, 1974, however, were exempted from the provisions of the amendment.