## Richmond

### WILLIAM V. ROBINSON v. COMMONWEALTH OF VIRGINIA.

March 4, 1977.

Record No. 760460.

Present, All the Justices.

*Eric E. Adamson (Largent, Anderson, Larrick & Groves,* on brief), for plaintiff in error.

*Patrick A. O'Hare, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Prosecuted under the "No-Fence Law," defendant William V. Robinson appeals a conviction under an amended warrant charging that, on August 19, 1974, he

"... did unlawfully, being the owner of certain cows, permit said cattle to run at large beyond the boundaries of lots or tracts of land in Warren County having been constituted lawful fences as to such animals, in violation of Section 8-886, Code of Virginia." [1]

---

[1] "**§ 8-886. When unlawful for animals to run at large.** — It shall be unlawful for the owner or manager of any horse, mule, cattle, hog, sheep, or goat, to permit any such animal, as to which the boundaries of lots or tracts of land have been or may be constituted a lawful fence, to run at large beyond the limits of his own lands within the county, magisterial district, or portion of such county wherein such boundaries have been constituted and shall be a lawful fence."

The following 1962 Warren County ordinance declared boundary lines of parcels of land, and streams, to be lawful fences as to the animals designated in § 8-886:

"Be It Ordained and Enacted by the County Board of Supervisors of Warren County, Virginia, that said Board hereby declares the boundary line of each lot or tract of land, or any stream in said County of Warren, to be a lawful fence as to any horses, mules, cattle, hogs, sheep or goats.

"It shall be unlawful for the owner or manager of any horses, mules, cattle, hogs, sheep or goats to permit any such animals to run at large beyond the limits of his own lands.

"And violation of the provisions of this ordinance shall upon conviction thereof be punished by a fine of not less than Five Dollars nor more than Three Hundred Dollars for each offense."

In the course of a prior case, considered by us in 1966, stemming from a like charge brought under the foregoing ordinance against this same defendant, the trial court held invalid the second and third paragraphs of the ordinance. That action of the court below was not an issue on appeal. *See Robinson* v. *Commonwealth*, 206 Va. 766, 146 S.E.2d 197. Apparently, the ordinance defect had not been cured at the time of the instant prosecution. The trial court in this case, presumably adhering to its previous ruling, again declared the same provisions invalid, but decided the ordinance was severable and permitted the prosecution under the state statute to proceed based on the establishment of lawful fences by the first paragraph of the ordinance. Tried by a jury, defendant was found guilty and his punishment was fixed at a fine of $250.00.

Under the limited writ of error, defendant pursues two of the issues he urged unsuccessfully below. First, he argues Code § 8-886, which prescribes no penalty for its violation, is a civil statute and does not create a criminal offense punishable as a misdemeanor. Alternatively, he contends the ordinance, upon which a prosecution under the state statute depends, is non-severable and wholly void because of the invalidity of the second and third paragraphs.

We will assume, without deciding, Code § 8-886 is a criminal statute. The question thus becomes whether the trial court erred

in holding the local ordinance severable and in deciding its first paragraph may stand alone to establish boundaries as lawful fences in Warren County, thus permitting a prosecution under the state statute.

The parties stipulate that at the time of this alleged violation, the Warren County ordinances contained no severability clause. Accordingly, the ordinance is presumed to be non-severable and the burden of proving severability is upon the Commonwealth. *Board of Supervisors* v. *Rowe*, 216 Va. 128, 147, 216 S.E.2d 199, 214 (1975). But even absent such a clause, the test of severability is whether the legislature would be satisfied with the remainder after the invalid portions have been eliminated; the intent of the legislative body controls. *City of Portsmouth* v. *Citizens Trust Company*, 216 Va. 695, 699, 222 S.E.2d 532, 535 (1976). Stated differently, the criterion is: Has the governing body "manifested an intention to deal with a part of the subject-matter covered, irrespective of the rest of the subject-matter?" *Hannabass* v. *Maryland Casualty Co.*, 169 Va. 559, 569, 194 S.E. 808, 812 (1938).

No evidence was presented on the issue of severability, so we examine the ordinance to determine legislative intent. The Commonwealth argues the first paragraph "is functionally independent" of the remainder and serves a significant purpose, contending "it is clear that the Board of Supervisors of Warren County intended to establish boundary lines as lawful fences, regardless of the validity of the penal provisions of the ordinance." We disagree.

We believe the Board intended, not merely to establish boundary lines as lawful fences, but to create a criminal offense, carrying a relatively light penalty,[2] for permitting specified animals to run at large beyond certain limits. In order to

---

[2] The penalty is relatively light in view of the sanction which the Board could have prescribed when it passed the ordinance in January of 1962. Under Code § 15-8 (Cum. Supp. 1960), local governing bodies had the power to impose a 30-day jail sentence, in addition to a fine of $300, for violation of an ordinance. Moreover, if § 8-886 is a criminal statute, the fine set by the Board for breach of the ordinance is lenient compared to the penalty an offender faced under the state statute, which would have been determined by Code § 18.1-9 (Repl. Vol. 1960), the provision setting penalties for misdemeanors for which no punishment had otherwise been fixed by statute. Thus, under the state statute accompanied by a valid local ordinance establishing boundaries as lawful fences, a violator could have been fined up to $500 or received a jail sentence not to exceed 12 months, or both.

accomplish that goal it became necessary to establish property boundaries, and streams, as lawful fences, which was done in the first paragraph of the ordinance. It was then vital to state the proscription, and this was effected in the second paragraph. Finally, it was essential to set the penalty for a violation of the proscription; this was accomplished in the third paragraph. These paragraphs are interdependent. Without the last two paragraphs, the lone first paragraph obviously fails to constitute the designed criminal offense with the associated light punishment. The Board has not manifested an intention to deal with a part of the subject matter covered, nor do we feel the Board would be satisfied with only the provisions of the first paragraph of this ordinance after the second and third have been excised. Hence, the presumption of non-severability has not been overcome and the trial court erred in ruling to the contrary. And without an ordinance which establishes boundaries of lots or tracts of land as lawful fences, this prosecution under Code § 8-886 must fail, even if that statute is criminal in nature.

For these reasons, the December 12, 1975 judgment of conviction will be reversed and the proceeding will be dismissed.

*Reversed and dismissed.*