## Richmond

### CITY OF VIRGINIA BEACH v. WILLIAM S. HOTALING, ET AL.

June 10, 1977.

Record No. 760552.

Present: All the Justices.

*Arthur Bergman, Assistant City Attorney (J. Dale Bimson, City Attorney; Charles M. Salle', Assistant City Attorney,* on brief), for appellant.

No brief or argument for appellees.

Per Curiam.

This is an appeal from a final decree of the trial court declaring Article 1 § 111 and Article 2 § 205(d) of the Virginia

Beach Comprehensive Zoning Ordinance (the ordinance) to be unconstitutional.

Suit was instituted in the court below by the City of Virginia Beach (the City) against William S. Hotaling and Margaret T. Hotaling (defendants or the Hotalings) alleging that the Hotalings, after notice that they were in violation of the ordinance, continued to park and store major recreational equipment on their property in an R-5 residential district in violation of Article 2 § 205(d) of the ordinance. The bill contained a prayer that the court enjoin and restrain, both temporarily and permanently, the Hotalings from their continuing violation of the ordinance. In their answer the Hotalings alleged that the provisions of the ordinance dealing with the parking and storage of major recreational equipment were invalid and unconstitutional.

At a hearing upon the City's application for a temporary injunction, the parties stipulated the adoption and content of the challenged sections of the ordinance, that the Hotalings were the owners of a 20 foot Winnebago Motor Home, which was major recreational equipment as defined in the ordinance, and that said vehicle had been and was parked and stored on the defendants' property in such a way as to violate the proscription of the ordinance. The chancellor temporarily enjoined the defendants from further violation of the ordinance pending final adjudication of the issues.

At the subsequent hearing to decide the issues raised by the parties, the City's evidence consisted of the earlier stipulation, two certified copies of similar provisions in the zoning ordinances of two nearby municipalities and 36 photographs, which had been taken at the request of the trial court, depicting major recreational equipment as defined by the ordinance. The City then rested and the defendants elected not to present evidence so the case was submitted to the chancellor, who, by letter opinion, held that the challenged sections of the ordinance were unconstitutional and denied the City a permanent injunction.

While the letter opinion does not say the challenged sections were facially unconstitutional, this is the effect of the trial court's holding since no evidence of unreasonableness was presented to overcome the presumption of validity which

attaches to municipal ordinances. As we said in *Kisley* v. *City of Falls Church*, 212 Va. 693, 697, 187 S.E.2d 168, 171 (1972):

"Whether a particular ordinance enacted pursuant to a general grant of power is void as arbitrary and unreasonable is a question of law for the courts. *Runnels* v. *Staunton Redevelopment & Housing Authority*, 207 Va. 407, 410, 149 S.E.2d 882, 884 (1966). There exists, however, a presumption favoring the validity of municipal ordinances and the presumption governs unless it is overcome by unreasonableness apparent on the face of the ordinance or by extrinsic evidence which clearly establishes the unreasonableness. *Nat. Linen Service* v. *Norfolk*, 196 Va. 277, 279, 83 S.E.2d 401, 403 (1954)."

The challenged sections of the ordinance are as follows:

Article 1 § 111

"111. Major Recreational Equipment. For purposes of this ordinance, major recreational equipment includes travel trailers, pickup campers or coaches, motorized dwellings, tent trailers, converted buses or similar devices intended for use as portable recreational housing, boats and boat trailers, amphibious houseboats and the like, and cases or boxes used for transporting recreational equipment, whether occupied by such equipment or not."

Article 2 § 205

"205. Major Recreational Equipment
* * *

"(d) Where the principal use of a building is residential, major recreational equipment shall be stored only as a use accessory to a permitted principal use, and subject to the following limitations:

"No such equipment shall be parked or stored on any lot except within a building or behind the nearest portion of a building adjacent to a public street, provided, however, such equipment may be parked anywhere on the premises for a period not to exceed 24 hours during loading or unloading."

Code § 15.1-486 provides:

"The governing body of any county or municipality may, by ordinance, classify the territory under its jurisdiction or any substantial portion thereof into districts of such number, shape and size as it may deem best suited to carry out the purposes of this article, and in each district it may regulate, restrict, permit, prohibit, and determine the following:

\* \* \*

"(c) The areas and dimensions of land, water, and air space to be occupied by buildings, structures and uses, *and of courts, yards, and other open spaces to be left unoccupied by uses and structures. . . .*" (Emphasis added.

Clearly, Code § 15.1-486 authorized the City to adopt the challenged sections of the ordinance. The City's evidence shows no unreasonableness and the Hotalings presented no evidence. Since we perceive no apparent unreasonableness on the face of the challenged sections of the ordinance, we hold that the presumption of validity which attached to the ordinance governs here.

Therefore, we will reverse the decree appealed from and remand this suit with direction that the chancellor award the permanent injunction prayed for by the City.

*Reversed and remanded with direction.*