## DELTA AIR LINES, INC., ET AL.

### V.

## COUNTY BOARD OF ARLINGTON COUNTY, ET AL.

Record No. 901553

September 20, 1991

Present: Carrico, C.J., Compton, Stephenson, Russell,* Whiting, Lacy, and Hassell, JJ.

---

* Justice Russell participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1991.

*H. Karl Zeswitz, Jr. (Frederick W. Chockley; Baker & Hostetler*, on briefs), for appellants.

*Richard R. Rhodes, Assistant County Attorney (Charles G. Flinn, County Attorney*, on brief), for appellees.

JUSTICE LACY delivered the opinion of the Court.

In this appeal we consider the validity of the Arlington County transient occupancy tax as applied to lodging secured by Delta Air Lines for use by its employees.

In 1989, Arlington County assessed the Stouffer Concourse Hotel $64,784.40 and $20,569 plus penalty and interest for additional transient occupancy taxes incurred from January 1, 1987 through February 28, 1989, and March through October, 1989, respectively. The County similarly assessed the Hyatt Arlington Hotel $18,311.40 and $11,469.60 plus penalty and interest for additional transient occupancy taxes incurred from May 1, 1988 through February 28, 1989, and March through October, 1989, respectively. The taxes were paid under protest. The assessment was based on hotel rooms paid for by Delta Air Lines and used by Delta employees.

Subsequently, Delta Air Lines, Inc. (Delta), as well as Hyatt Corporation and the Stouffer Hotel Management Corporation (collectively, the hotels) filed an amended motion for declaratory judgment against the County Board of Arlington County and Geraldine M. Whiting, Commissioner of Revenue for Arlington County (collectively, the County). Delta and the hotels sought a

declaration that the County's transient occupancy tax ordinance was invalid, that the taxes were incorrectly assessed because the use of the hotel rooms fell within the "30 day rule" exception to the tax, and requested a refund of the taxes paid under protest with interest and attorneys' fees. In its grounds of defense, the County denied that the ordinance was invalid or improperly applied and that any tax refunds were due.

The litigants filed cross motions for summary judgment. After consideration of the pleadings, memoranda, and argument of counsel, the trial court granted the County's motion for summary judgment and dismissed the proceeding.

Delta and the hotels assert that the trial court erred in holding that the County's transient occupancy tax ordinance was valid and authorized by the enabling legislation, that the word "person" as used in the ordinance did not include corporations, and in granting summary judgment because material facts were in dispute regarding the applicability of the "30 day rule" exemption to the occupancy tax. We consider these issues in order.

## I.

Delta and the hotels argue that the Arlington ordinance is invalid because it is not consistent with Code §§ 58.1-3819 and -3820, the enabling legislation.

Code § 58.1-3819 states in part:

Any county, by duly adopted ordinance, *may levy a transient occupancy tax on hotels*, motels, boarding houses and travel campgrounds. Such tax shall be in such amount and on such terms as the governing body may, by ordinance, prescribe; however, such tax shall not exceed two percent of the amount of charge for the occupancy of any room or space occupied. The tax imposed hereunder shall not apply to rooms or spaces rented for continuous occupancy by the same individual or group for thirty or more days in hotels, motels, boarding houses and travel campgrounds.

. . .

Any county, city or town which requires local hotel and motel businesses, or any class thereof, to collect, account for and remit to such locality a local tax *imposed on the con-*

*sumer*, may allow such business a commission for such service in the form of a deduction from the tax remitted. Such commission shall be provided for by ordinance, which shall set the rate thereof, no less than three percent, not to exceed five percent of the amount of tax due and accounted for. No commission shall be allowed if the amount due was delinquent.

(Emphasis added.) Code § 58.1-3820 states:

Notwithstanding the provisions of Chapter 443, as amended, of the Acts of Assembly of 1970 carried by reference in the Code of Virginia as § 58.1-3819, beginning on and after July 1, 1977, Arlington County is authorized to levy the transient occupancy tax permitted in § 58.1-3819 in an amount not to exceed five percent of the amount of the charge for the occupancy of any room or space occupied; provided that the county's local license tax as permitted in § 58.1-3703, as amended, on hotels, motels, boarding houses and travel campgrounds on and after January 1, 1978 shall not exceed one percent of the gross receipts of such hotels, motels, boarding houses and travel campgrounds. The remaining provisions of § 58.1-3819 shall apply mutatis mutandis to the provisions of this section.

Section 40-2 of the County's transient occupancy tax ordinance states:

In addition to all other taxes of every kind now or hereafter imposed by law, there is hereby imposed and levied *on each and every transient* a tax equivalent to five (5) percent of the total amount paid for room rental by or for any such transient to any hotel.

(Emphasis added.)

Delta and the hotels argue that the ordinance improperly imposes and levies the tax on "each and every transient" rather than on the "hotels, motels, boarding houses and travel campgrounds" as mandated by the first paragraph of § 58.1-3819. We are not persuaded by such contention because it ignores the remainder of both the enabling legislation and the ordinance.

■ Section 58.1-3819's specific reference to the tax as levied "on hotels" in paragraph one and "imposed on the consumer" in paragraph three authorizes the County to enact a transient occupancy tax ordinance which holds either the consumer, the hotel, or both, liable for the payment of the taxes. *See* Op. Att'y Gen. 528-29 (1974-75). In this regard, it is consistent with methods established for the collection of similar taxes including the state sales tax on the gross receipts of charges for rooms, lodgings, or accommodations. *See* Code § 58.1-603, -605, -625.

■ The Arlington transient occupancy tax ordinance allows a hotel to collect the tax from the consumer, but requires the tax to be accounted for and paid by the hotel, regardless of whether the hotel collects the tax from the consumer of the services. Ordinance Sections 40-4, -5, and -6. In this case, all assessments were sent to the hotels; the hotels issued the initial payment checks to the County, although reimbursed by Delta; the second payment check, issued directly by Delta, was "applied to the assessed Transient Occupancy Tax delinquencies of the Stouffer Concourse Hotel and the Hyatt Arlington Hotel," not to any tax account assigned to Delta or its employees. This procedure is consistent with the enabling legislation. Accordingly, we will affirm the trial court's judgment that the Arlington ordinance is valid and authorized by §§ 58.1-3819 and -3820.

## II.

Both the enabling legislation and the ordinance provide an exemption from the tax when a room is rented by the same party for thirty or more consecutive days. This is referred to as the "30 day rule," and expressed in § 58.1-3819 as prohibiting the application of the tax

. . . to rooms or spaces rented for continuous occupancy by the same individual or group for thirty or more days.

The rule is found in the ordinance's definition of "transient":

. . . any person who, for any period of not more than thirty (30) consecutive days either at his own expense or at the expense of another, obtains lodging . . . for which . . . a charge is made.

Section 40-1(e).

The trial court held that the "30 day rule" exemption was not applicable to Delta because Delta was not a "person" within the definition of transient, or an individual or group under the language of § 58.1-3819.

■ As Delta and the hotels properly point out, the word "group" as used in § 58.1-3819 encompasses, rather than excludes, corporations. But more importantly, Section 40-1(c) of the ordinance specifically defines "person" to include corporations. Had the County intended to exclude corporations from its definition of person, it easily could have done so. It did not. Therefore, the trial court erred when it held that a corporation was not a person for purposes of defining transient.

### III.

■ Still unresolved, however, is the issue of whether Delta was entitled to the "30 day rule" exemption. Neither the tax nor the exemption are triggered by *occupancy* of the room. Whether Delta is entitled to the tax exemption depends on whether Delta or its employees "obtaine[d] lodging . . . for which a charge [was] made," for a period in excess of thirty days. But the facts as to the means and methods of securing and paying for the rooms were not before the trial court, are not before us, and as Delta argues, apparently are in dispute.

A variety of arrangements could exist between Delta and the hotels. For example: (1) direct billing by the hotel to Delta or periodic submission of a master bill to Delta for each night a Delta employee stayed in a room; (2) a contract between Delta and the hotel which reserves a set number of rooms daily for a period in excess of 30 days and establishes an agreed charge for those rooms for the entire period which Delta must pay, whether the rooms are occupied or not; or (3) a combination of the above utilizing direct billing for rooms used by Delta's employees in excess of the number reserved under the contract. Until the facts under which lodging is obtained are decided, applicability of the "30 day rule" exemption cannot be determined. Thus, entry of summary judgment was improper.

In summary, we will affirm the judgment of the trial court holding that the ordinance is valid and authorized by §§ 58.1-3819 and -20, reverse the judgment of the trial court that a corporation is not a "person" under the ordinance for purposes of defining

"transient," reverse the entry of summary judgment by the trial court, and remand the case for further proceedings to resolve the factual matters surrounding the application of the "30-day rule."

*Affirmed in part,*
*reversed in part,*
*and remanded.*

JUSTICE HASSELL, with whom JUSTICE WHITING joins, dissenting.

I write separately because I do not believe that the County's tax ordinance is valid.

Code § 58.1-3819 states in part:

> Any county, by duly adopted ordinance, *may levy a transient occupancy tax on hotels*, motels, boarding houses and travel campgrounds. Such tax shall be in such amount and on such terms as the governing body may, by ordinance, prescribe; however, such tax shall not exceed two percent of the amount of charge for the occupancy of any room or space occupied. The tax imposed hereunder shall not apply to rooms or spaces rented for continuous occupancy by the same individual or group for thirty or more days in hotels, motels, boarding houses and travel campgrounds.
>
> . . . .
> Any county, city or town which requires local hotel and motel businesses, or any class thereof, to collect, account for and remit to such locality a local tax imposed on the consumer, may allow such businesses a commission for such service in the form of a deduction from the tax remitted. Such commission shall be provided for by ordinance, which shall set the rate thereof, no less than three percent, not to exceed five percent of the amount of tax due and accounted for. No commission shall be allowed if the amount due was delinquent.

(Emphasis added.)

Code § 58.1-3820 states:

> Notwithstanding the provisions of Chapter 443, as amended, of the Acts of Assembly of 1970 carried by refer-

ence in the Code of Virginia as § 58.1-3819, beginning on and after July 1, 1977, Arlington County is authorized to levy the transient occupancy tax permitted in § 58.1-3819 in an amount not to exceed five percent of the amount of the charge for the occupancy of any room or space occupied; provided that the county's local license tax as permitted in § 58.1-3703, as amended, on hotels, motels, boarding houses and travel campgrounds on and after January 1, 1978 shall not exceed one percent of the gross receipts of such hotels, motels, boarding houses and travel campgrounds. The remaining provisions of § 58.1-3819 shall apply mutatis mutandis to the provisions of this section.

Section 40-2 of the County's transient occupancy tax ordinance states:

In addition to all other taxes of every kind now or hereafter imposed by law, there is hereby imposed and levied on each and every transient a tax equivalent to five (5) percent of the total amount paid for room rental by or for any such transient to any hotel.

The County's transient occupany tax ordinance is not valid because the enabling legislation, Code §§ 58.1-3819 and -3820, authorizes the County "to levy a transient occupancy tax on hotels, motels, boarding houses and travel campgrounds," but the tax ordinance improperly levies the tax on "each and every transient."

It is well established in this Commonwealth that a county lacks power to enact a tax ordinance unless it is specifically empowered to do so by the General Assembly. *Supervisors of Montgomery County* v. *Tallant*, 96 Va. 723, 726, 32 S.E. 479, 480 (1899). We have held:

[C]ounties are mere auxiliaries of the government, established simply for the more effective administration of justice; and the power of taxation as confided to them is a delegated trust, and is to be strictly construed. They act not by virtue of any inherent power, but as mere agencies of the state.

*Virginia & Tennessee Railroad Company* v. *Washington County*, 71 Va. (30 Gratt.) 471, 474 (1878). Additionally, "[t]he powers of the Boards of Supervisors are fixed by statute and are only such

as are conferred expressly or by necessary implication." *Board of Supervisors* v. *Corbett*, 206 Va. 167, 174, 142 S.E.2d 504, 509 (1965).

The enabling legislation, Code §§ 58.1-3819 and -3820, upon which the County relies as a grant of authority to support its transient occupancy tax ordinance, allows the County to "levy a transient occupancy tax on hotels, motels, boarding houses and travel campgrounds." We have consistently defined the word "levy" as "merely fixing the subject and the amount at which property is to be taxed." *City of Richmond* v. *Eubank*, 179 Va. 70, 82-83, 18 S.E.2d 397, 403 (1942) (*quoting Breckenbridge* v. *County School Board*, 146 Va. 1, 5, 135 S.E. 693, 695 (1926)); *see County of Sussex* v. *Jarratt*, 129 Va. 672, 684-85, 693, 106 S.E. 384, 387-88, 389 (1921). Additionally, we have stated:

> In construction of the grant of any power to tax, made by the State to one of its municipalities, the rule accepted by all the authorities is that it should be with strictness. The reasonable presumption is held to be that the State has granted in clear and unmistakable terms all that it has intended to grant, and whatever authority the municipal officers assume to exercise, they must be able to show a warrant for it in the words of the grant.

*Wytheville* v. *Johnson*, 108 Va. 589, 592, 62 S.E. 328, 329 (1908).

These Code sections (§§ 58.1-3819 and -3820) do not empower the County to levy a tax on each and every transient. Thus, the subject of the County's tax levy, "each and every transient," exceeds the scope of the enabling legislation.

The majority buttresses its holding on the following language in the third paragraph of the enabling legislation:

> Any county . . . which requires local hotel businesses . . . to collect, account for and remit to such locality a local tax *imposed on the consumer*, may allow such business as a commission for such service in the form of a deduction for the tax remitted.

Code § 58.1-3819 (Emphasis added). The majority says that the General Assembly's use of the phrase "imposed on the consumer" reflects an intention and understanding that the County has au-

thority to hold the motel and the consumer liable for the transient occupancy tax. This argument misses the point. At best, even applying the majority's own logic, the inconsistent provisions in the enabling legislation create an ambiguity. However, this Court has consistently held that any ambiguities in statutes which authorize the imposition of taxes must be resolved in favor of the taxpayer. *Commonwealth Natural Resources, Inc.* v. *Commonwealth*, 219 Va. 529, 537-38, 248 S.E.2d 791, 796 (1978); *Commonwealth* v. *Appalachian Electric Power Co.*, 193 Va. 37, 46, 68 S.E.2d 122, 127 (1951); *Bott* v. *Commonwealth*, 187 Va. 745, 751, 48 S.E.2d 235, 238 (1948); *Commonwealth* v. *Hutzler*, 124 Va. 138, 140, 97 S.E. 775, 776 (1919). Ordinances which levy taxes upon citizens are construed most strongly against the government and in favor of the citizen and provisions in ordinances are not to be extended beyond the clear import of the language used. "Revenue laws are neither remedial statutes nor laws founded upon any permanent public policy, and are not therefore to be liberally construed. Hence, whenever there is a just doubt, that doubt should absolve the tax payer from his burden." *Tallant*, 96 Va. at 726, 32 S.E. at 480 (1899).

Accordingly, I would hold that the County's transient occupancy tax ordinance is invalid because it is not authorized by Code §§ 58.1-3819 or -3820. I would reverse the judgment of the trial court and remand this case for further proceedings related to the amount of the tax refund and interest that the County owes to Delta, Hyatt and Stouffer and whether they are entitled to an award of attorneys fees.