# CIRCUIT COURT OF THE CITY OF WINCHESTER

Dearing Beverage Co., Inc., et al.

v.

City of Winchester

March 18, 1994

Case No. (Law) 93-200

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on March 18, 1994, on the taxpayer's petition to correct an erroneous assessment of the Winchester wholesale merchants license tax pursuant to Virginia Code § 58.1-3984. The parties appeared with their counsel: H. K. Benham, III, Esq., for the Plaintiffs, and Mark K. Flynn, Esq., for the Defendants. The material facts were not in dispute, and they were argued by counsel. Upon consideration whereof, the Court has made the following decision to deny the Petition.

## I. Findings of Fact

The following facts were stipulated to by the parties.

The plaintiffs are Virginia corporations doing business as wholesale beer distributors with their principal offices in the City of Winchester, Virginia.

The defendant is a municipal corporation created under the laws of the Commonwealth of Virginia.

Section 5 of the Winchester City ordinance in effect on January 1, 1964, imposed a wholesale beer license flat-rate tax of $200.00. This provision is

now embodied in City Code § 21.5-52 and is authorized by Va. Code § 4.1-233(C), and the 1964 ordinance did not tax the plaintiffs under the wholesale merchants tax section but rather as members of one of the classes of alcoholic beverage sellers.

Section 34 of the Winchester City ordinance in effect on January 1, 1964, imposed a wholesale merchants license tax, based on purchases, of $.20 per $100.00 for purchases in excess of $10,000.00. This provision is now embodied in City Code § 21.5-29, which was adopted in November, 1992, pursuant to the authority of Va. Code § 58.1-3716.

In November, 1992, City Council adopted City Code § 21.5-52(f), which includes alcoholic beverages in the base for gross receipts, thereby subjecting the plaintiffs to the City's wholesale merchants tax for the first time in 1993.

In November, 1992, Council also adopted City Code § 21.5-53, pursuant to Va. Code § 4.1-233(C), to give beer wholesalers a credit for the flat-rate tax imposed by City Code § 21.5-52(a)5. Accordingly, at all times that the plaintiffs have been subject to the wholesale merchants tax, they have been given credit for the flat-rate tax paid for their wholesale beer licenses.

## II. Conclusions of Law

The ordinances of the City are presumed to be valid, which presumption may only be overcome by a showing that the ordinance is unreasonable. *City of Virginia Beach v. Hotaling*, 218 Va. 14, 235 S.E.2d 311 (1977); *City of Portsmouth v. Citizens Trust Company, Trustee*, 216 Va. 695 (1976); *Home Brewing Company, Incorporated v. City of Richmond*, 181 Va. 793 (1943).

The wholesale merchants license tax imposed by the city is a business license tax imposed on the gross purchases of the business for the privilege of doing business in the city. *See, Short Brothers, Inc. v. Arlington County*, 244 Va. 520, 423 S.E.2d 172 (1992) (business license tax); *Commonwealth v. Shell Oil Co.*, 210 Va. 163, 166-167, 169 S.E.2d 461 (1969) (excise tax on fuel distinguished from business license tax); *Dickerson G.M.C., Inc. v. Commonwealth*, 206 Va. 339, 143 S.E.2d 863 (1965) (merchant held to be retailer, not wholesaler); 51 Am. Jur. 2d, *Licenses & Permits*, § 107; and 9 McQuillen, Municipal Corporations, § 26.32 (3d ed.). The statutory tax scheme is based on the relationship between the business done and the money to be taxed.

Virginia Code § 55.1-3716 provides that:

> No county, city, or town shall impose a license tax on wholesale merchants at an aggregate rate in excess of 5 cents per $100 of purchases, except in those counties, cities, or towns where the local rate in effect on January 1, 1964, was in excess of such rate, in which case, such localities are hereby prohibited from increasing such rate as in effect on January 1, 1964.

Apparently, this statute has not been previously interpreted by a court in Virginia. However, the words of the statute are not technical or ambiguous, and "[i]t is well-settled that when a statute is clear and unambiguous, its plain meaning must be accepted without resort to extrinsic evidence or the rules of construction." *Compton v. Commonwealth*, 239 Va. 312, 314, 389 S.E.2d 460 (1990). If construction were required, it would be governed by the principle that: "Statutes imposing taxes must be construed most strongly against the Commonwealth and in favor of the taxpayer. Such enactments must not be extended by implication beyond the clear import of the language used." *Commonwealth v. General Electric Co.*, 236 Va. 54, 64, 373 S.E.2d 599 (1988). The wholesale merchants tax rate in effect on January 1, 1964, was $.20 per $100.00 of gross receipts; therefore, the wholesale merchants license tax in Winchester may remain at that rate, pursuant to Va. Code § 58.1-3716. Section 58.1-3716 is a general provision applying to all wholesale merchant taxes based on purchases, and its purpose is to set a cap on those taxes.

The Plaintiffs' argument that the wholesale merchants tax imposed on them by City Code § 21.5-29 is prohibited by the terms of Virginia Code § 58.1-3716 because they were not assessed the tax in 1964 is without merit. The statute is clear and unambiguous. Where the statute is clear, the court may not "resort to legislative history and extrinsic facts" to interpret words whose meaning is clear; it must "take the words as written" and give them their plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84 (1985). The Virginia Supreme Court is very reluctant to read requirements into statutes which are not expressed. *See, Makarov v. Commonwealth*, 217 Va. 381, 228 S.E.2d 573 (1971). "For this Court to place any limitation on the clear and comprehensive language of the statute or to create an exception where none exists under the guise of statutory construction would be to defeat the purpose of the enactment and to engage in judicial legislation." *Town of Crewe v. Marler*, 228 Va. 109, 114, 319 S.E.2d 748 (1984). Section 58.1-3716 simply imposed a cap on wholesale

merchants license taxes and grandfathered existing tax rates in excess of the cap. It imposed no limitation on the right of the city to expand or reclassify the types of businesses which are subject to the wholesale merchants tax.

The City is authorized, but not required, to include alcoholic beverages in the base of purchases, so as to impose the wholesale merchants tax against beer wholesalers, pursuant to Va. Code § 4.1-233(C). There is no requirement that alcoholic beverages had to have been included in such purchase base in 1964 in order to validate the City's imposition of the wholesale merchants tax on beer distributors in 1993. Virginia Code § 4.1-233(C) states, in pertinent part:

> The governing body in imposing local wholesale merchants' license taxes measured by purchases *may include* alcoholic beverages in the base for measuring such local license taxes. [Emphasis added.]

The language of the statute makes the inclusion of alcoholic beverages for the wholesale merchants tax permissive, not mandatory. The Code section in effect in 1964, Va. Code § 4-38(e) contained the same language. Therefore, the City was not obligated to tax the plaintiffs as wholesale merchants on January 1, 1964, and it did not do so, but it is certainly not estopped or not prohibited from now so taxing them.

The City's classification system for the imposition of its wholesale merchants license tax must be upheld unless it is shown to be unreasonable or unlawful. The case of *City of Portsmouth v. Citizens Trust Company*, 216 Va. 695, 698, 222 S.E.2d 532 (1976), is instructive, there:

> [T]he ordinances excluded those engaged in the business of renting specified kinds of residential property, such as motels, for the operation of which licenses were otherwise required by the city [from the tax]. For the same reason the City Council could omit from the classification those engaged in the business of renting non-residential property. The classification is presumptively valid and will be upheld unless it is facially unreasonable or its unreasonableness has been established by clear and convincing proof. *Sheek v. City of Newport News*, 214 Va. 288 (1973).

As the Supreme Court recently stated in *Chesterfield Cablevision, Inc. v. Chesterfield County*, 241 Va. 252, 256, 401 S.E.2d 678 (1991):

Unless a suspect classification is involved, the legislature may, constitutionally, treat different subjects differently for the purpose of taxation (1) if the difference is real, (2) if the distinction has some relevance to the legislative purpose, and (3) if the differing treatments are not so disparate, relative to the difference in classification, as to be wholly arbitrary. *Portsmouth v. Citizens Trust*, 216 Va. 695, 698, 222 S.E.2d 532, 534 (1976) (quoting *Walters v. City of St. Louis*, 347 U.S. 231, 237 (1954)); *see also, Hearst v. Iowa Dept. of Rev. & Finance*, 461 N.W.2d 295 (Iowa 1990) (retail tax on magazines upheld, although not applicable to newspapers).

Plaintiffs have offered no facts to show that the City's tax ordinances and classifications of businesses were, or are, unreasonable. The Plaintiffs admit that, at all times, they have been subjected to the wholesale merchants tax, a credit for the flat fee beer wholesalers tax has been given them. Therefore, the City's system for the imposition of its wholesale merchants tax on the Plaintiffs is reasonable.

The City has the power to abstain from imposing a tax that it is authorized to impose, and such abstention does not invalidate any tax which it later decides to impose. In *City of Norfolk v. Griffith-Powell Co.*, 102 Va. 115, 119, 45 S.E. 889 (1903), the Supreme Court ruled:

[The State] is required by the Constitution to levy an ad valorem tax upon the property, and it is permitted by that instrument to levy a tax upon the business. But in the latter case the exercise of the power is left to the discretion of the Legislature, and its failure to levy such a tax in the particular instance cannot be construed as a denial of its power to tax should it become necessary or proper to do so, *nor can it with any greater propriety be construed as a limitation upon the general power of taxation which embraced the power to levy a tax upon licenses*, as well as an ad valorem tax. [Emphasis added.]

This general principle is applicable to the City tax ordinances. The fact that beer wholesalers were not subject to the wholesale merchants license tax in 1964 based on purchases does not prevent the City's subjecting them to the tax based on purchases in 1993.

At all times that the plaintiffs have been subjected to the wholesale merchants tax under City Code § 21.5-29, they have been given a credit for the flat-rate license tax for beer wholesalers. Therefore, the wholesale

merchants tax has been imposed on the plaintiffs in a manner permitted by Titles 4.1 and 58.1 of the Code of Virginia. Plaintiffs argue that because no credit for the beer license flat-rate tax was given by the City in its 1964 ordinance, the wholesale merchants tax promulgated in 1992 is defective. However, the credit is required by the State Code only when alcoholic beverages are included in purchases for the purposes of the wholesale merchants tax. Va. Code § 2.1-344(C). Therefore, the credit was not relevant until the tax based on purchases was imposed on the plaintiffs, and its absence in 1964 is irrelevant and does not vitiate the validity of the wholesale merchants tax imposed upon the Plaintiffs by the City's 1992 ordinance.

### III. Decision

For the foregoing reasons, the Petition to declare the City's wholesale merchants license tax imposed on the Plaintiffs invalid is denied, and the Petition is dismissed with prejudice.